SHORES, Justice.
This appeal is from a boundary line dispute resolved in favor of the holder of record title after trial ore tenus and after the trial judge viewed the property. We affirm.
The Robertses own land bordered on the north side by a fifteen-foot alley. They claim the right to an easement over a forty-foot strip consisting of the fifteen-foot alley plus a twenty-five-foot strip to the north of the alley, record title to which is in the appellee Alverson. The Robertses brought this action for a temporary restraining order and permanent injunction after Alver-son erected a fence along the south boundary line of twenty-five-foot strip, the use of which the Robertses claim by prescription by usage over a twenty-year period.
Only one issue is raised on appeal. The Robertses contend reversible error occurred when the trial court sustained objection to the following question put to Mr. Roberts, the plaintiff below:
Q. Prior to that 15 foot stob being put down, while Mr. Malone [defendant Alverson’s predecessor in title] was alive, did you discuss the right-of-way line with him?
A. Yes I did.
Q. And what did he tell you about it?
MR. FRIEDLANDER:
Judge, I object to anything Mr. Malone may have told the gentleman. I don’t know Mr. Malone, Mr. Malone is dead.
THE COURT:
Sustained.
First of all, we observe from the record that the witness was allowed to testify about his conversation with Mr. Malone, including what Mr. Malone told him about the right-of-way, so that if it was error to exclude the quoted question, it was without injury. ARAP 45. It was not error, however, because no predicate was laid as required. In Sandlin v. Sanders, 360 So.2d 977 (Ala.1978), the trial court disallowed a question almost identical to the one here. This Court affirmed, saying:
We find no error in the court’s ruling because the offered testimony violates the hearsay rule. Sandlin failed to establish the necessary predicate that Johnson’s declarations were made while • he was in possession of the land and claiming as owner.
“The declarations of a former owner, since deceased, are admissible in evidence, but in order that they may be received, they must establish some fact, as a cornerstone or particular marked line, and they are not admissible when they are mere statements that certain lands lay within the boundary of such former owner, or that it was the same as had been conveyed in a certain deed, or merely as to facts which might tend to a general reputation as to the true boundary. Also, evidence of declarations by an owner, since deceased, as to boundaries, is inadmissible unless made while he was actually in possession and claiming the land as owner.” 12 Am. Jur.2d, Boundaries, § 107, p. 642 (Footnotes omitted).
Southern Iron Works v. Central of Georgia Railway Co., 131 Ala. 649, 31 So. 723 (1901).
360 So.2d at 984.
The decree of the trial court is affirmed.
AFFIRMED.
TORBERT, C. J., and MADDOX, JONES and BEATTY, JJ., concur.